UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

DIANA DIPIANO,                          :
                                        :       **MEMORANDUM DECISION AND**
                                        :       **ORDER**
                          Plaintiff     :
                                        :       24-cv-4901 (BMC)
              - against -               :
                                        :
                                        :
THE NEW YORK CITY DEPARTMENT            :
OF EDUCATION and THE CITY OF NEW        :
YORK,                                   :
                                        :
                                        :
                          Defendants.   :
                                        :
-------------------------------------------------------- X

**COGAN**, District Judge.

Despite clear guidance in this Court's Individual Practice Rules regarding the use of Rule

56.1 statements, and a specific reminder of that guidance at the premotion conference, both sides

have failed to comply.  The Rule provides:

> Each paragraph in the Local Rule 56.1 statement shall contain an assertion of a
> material undisputed fact, not a description of evidence.  For example: "John Smith
> testified at deposition that he crossed the street" is not a statement of fact.  The
> statement of fact is "John Smith crossed the street."  If the statement of fact can
> only be characterized as "undisputed" by including its source, then it is probably
> not undisputed.

Individual Practice Rule III(C)(6)(b).  Additionally, it is axiomatic that purported facts on a

summary judgment motion must be based on admissible evidence.  Many of the parties'

statements and responses violate these basic rules and make their documents nothing but a

combined argument of both sides' positions – all but useless to the Court as a means of

identifying undisputed facts.

For example, paragraph 17 of defendants' statement says: "Plaintiff claims that beginning in the fall of 2021, Duarte told Plaintiff that she 'look[ed] like a gym teacher' and would make a good one."  Because the standard on a motion for summary judgment requires the Court to construe the record in favor of plaintiff, starting the sentence with "Plaintiff claims that …" makes no sense.  If it is an undisputed fact for purposes of this motion that Duarte told plaintiff she looked like a gym teacher and would make a good one, plaintiff isn't claiming anything – it is just a fact.  By prefacing it with "plaintiff claims that …", defendants are implying that they deny the statement, which raises an issue of fact in and of itself and requires denial of the motion.  Again, all of this is clearly spelled out in the Court's Individual Practice Rule.

Most likely, defendants are concerned that if they don't preface Duarte's statement with "plaintiff claims that . . .", they will be admitting that Duarte in fact said it and they will not be able to deny it at trial if they lose the summary judgment motion.  That indicates a misunderstanding of how summary judgment works.  Nothing in a Rule 56.1 statement is admitted for all purposes.  The facts are construed in the light most favorable to plaintiff *for the purposes of the motion for summary judgment*.  If defendants lose the motion, nothing will prevent Duarte from testifying that she never said what defendants assumed to be true for purposes of the motion.  And, of course, the Rule 56.1 statement is utterly inadmissible at trial. But by citing evidence instead of undisputed facts, defendants have made this Court's task doubly difficult in trying to figure out what it should presume is undisputed on this motion.

Many of plaintiff's responses are just as unhelpful albeit in a different way.  In response to paragraph 17, for example, plaintiff offered that it was

> [u]ndisputed to the extent that Plaintiff stated that beginning in the fall of 2021, Duarte told Plaintiff that she "look[ed] like a gym teacher" and would make a good one, disputed to the extent that Plaintiff felt that Duarte's comments that

she "look[ed] like a gym teacher" and "would make a good one" was a comment on her sexual orientation.

There are two problems with plaintiff's response.  First, it is responding to something that defendants didn't say.  They didn't offer as undisputed that Duarte's statement was a "comment on [plaintiff's] sexual orientation."  Why is plaintiff denying something that was never said?

But there is a bigger issue than that.  If the comment wasn't "a comment on her sexual orientation," as plaintiff's response alleges, then what was it?  In other words, if plaintiff is not contending that Duarte's comments were a reference to her sexual orientation, those comments are irrelevant to this case.  They are not even admissible, and defendants don't need to worry about them at all.

In fact, however, plaintiff argues in her memorandum in opposition to defendants' motion that "Duarte made discriminatory comments such as . . . telling plaintiff she looked like a gym teacher," and the brief specifically references the comment to show Duarte's "discriminatory animus . . . against Plaintiff on the basis of her sexual orientation."  In short, plaintiff has utterly confused the record, and I would be within my discretion to strike her response to paragraph 17.

On top of their other missteps, the parties pointlessly quibble over interpretations.  Defendants quote plaintiff's deposition where she testified about the gym-teacher comment.  She testified to her belief that Duarte was "insinuating" that she dressed "like a guy."  Plaintiff does not dispute her testimony as to that.  However, defendants then go on to allege as undisputed that plaintiff, according to her deposition testimony, "assumed what Duarte meant" was that she looked like a gym teacher.  And sticking to the language of her testimony, plaintiff denies that defendant's statement accurately portrays her testimony, noting she took Duarte to insinuate she

looked like a "guy," not a "gym teacher" – even though, for these purposes, there is no meaningful distinction.

This dispute is not over a fact. It is over interpretation. How plaintiff interpreted Duarte's comment may not even be admissible at trial, at least on direct examination, as opinion testimony is generally not allowed. See Fed. R. Evid. 701(a); 1 McCormick On Evid. § 11 (9th ed.). To include in a Rule 56.1 statement "a disputed fact" over how to interpret her testimony at deposition is therefore a waste of everyone's time, of which the Court is principally concerned with its own.

The Court could offer many more example of defendants' disregard of this Court's Individual Practice Rule and plaintiff's impossible-to-interpret responses, but it will not take any more time to do so. The Rule 56.1 requirement is supposed to make analysis of the motion easier for the Court, not, as it does here, harder.

The motion is denied for failure to submit an adequate statement of undisputed fact. Defendants may refile a compliant motion (including a conformed memorandum of law) within 10 days. Defendants will have the benefit, if there is any, of having seen how plaintiff responded to their purported Rule 56.1 statement in opposing the current motion, and maybe they can clean up their loose language and excessive allegedly "undisputed" statements. If their next motion is compliant and plaintiff's responses are as far afield as many were this time, the Court will simply strike plaintiff's responses and deem the statements admitted.

In the meantime, because the Court has no confidence in either side's ability to submit an

appropriate set of motion papers, this matter will be set down for a Joint Pretrial Order and Final

Pretrial Conference.[1]


**SO ORDERED.**

*Brian M. Cogan*
_____
                          U.S.D.J.


Dated: Brooklyn, New York
       June 17, 2025

---

[1] Because the problem discussed in this decision seems to be pervasive within the New York City Corporation Counsel's office, counsel may wish to consider circulating this decision among his colleagues.